UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEITH McCRAY, )<br>)<br>            Petitioner, )<br>)<br>v. )<br>)<br>KEITH BUTTS, )<br>)<br>            Respondent. ) | No. 1:11-cv-1713-TWP-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

In a proceeding identified as ISR 09-11-0064, Keith McCray ("Mr. McCray") was disciplined by a conduct board which found that Mr. McCray had violated a prison rule at the Pendleton Correctional Facility. Mr. McCray was found guilty of committing battery without a weapon or injury in violation of offense B-212 of the Adult Disciplinary Procedures. The conduct board sanctioned Mr. McCray with the imposition of 1) a period in disciplinary segregation, and 2) the deprivation of 15 days of earned good time.

Mr. McCray has filed a petition for a writ of habeas corpus, contending that the proceeding described above is constitutionally infirm. The Respondent, Keith Butts ("the Commissioner") has filed a Motion to Dismiss on the basis that Mr. McCray has failed to first exhaust all available administrative remedies.

Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether

pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

The pleadings and the expanded record in this action for a writ of habeas corpus show that Mr. McCray did not exhaust his available administrative remedies with respect to the disciplinary proceeding challenged here.[1] Specifically, McCray did not complete the second step of the appeal process to the Final Reviewing Authority.

Mr. McCray could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Mr. McCray has not shown cause for and prejudice from his failure to appeal. Accordingly, the court is precluded from reaching the merits of the claims in the petition. The petition for a writ of habeas corpus is therefore **denied**, the respondent=s motion to dismiss (dkt. 10) is **granted** and this action is **dismissed with prejudice.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/26/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] McCray has not replied to the respondent=s motion to dismiss. The effect of this, pursuant to 28 U.S.C. ' 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

**Distribution:**

**Keith McCray  No. 121389**
**Pendleton Correctional Facility**
**4490 West Reformatory Road**
**Pendleton, IN 46064**

**Linda Sue Leonard**
Linda.Leonard@atg.in.gov